**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4298**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD DOYLE HUDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (CR-03-28)

Submitted: October 31, 2005      Decided: November 30, 2005

Before WILKINSON, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Camille M. Davidson, THE FULLER LAW FIRM, P.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Kimlani S. Murray, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Richard Doyle Hudson pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000), and using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005). The district court sentenced him as a career offender to a total of 262 months of imprisonment. Hudson appeals his conviction and sentence, asserting that counsel provided ineffective assistance during plea negotiations, the Government engaged in prosecutorial misconduct, and his sentence violates the Sixth Amendment. Hudson has filed two motions in this court to file a pro se supplemental brief. We grant his motions, reject the claims raised in his pro se supplemental brief, and affirm his convictions and sentence.

Hudson contends that counsel provided ineffective assistance by estimating his potential sentence using the wrong version of the sentencing guidelines. However, "[i]neffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 540 U.S. 1134 (2004). We find that counsel's ineffectiveness does not conclusively appear on the face of this record. See United States v. Craig, 985 F.2d 175, 180 (4th Cir. 1993) (rejecting claim that counsel was ineffective in discussing sentencing possibilities under two plea agreements offered by

- 2 -

Government where defendant "ultimately entered his plea based on risk information given him by the sentencing court, not his counsel"). We therefore decline to address this issue on direct appeal.

Next, Hudson contends that the Government engaged in prosecutorial misconduct because the plea agreement accepted by the district court did not provide that he would be sentenced under the 2001 version of the sentencing guidelines. We review "a claim of prosecutorial misconduct . . . to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks and citation omitted). Our review of the record leads us to conclude that no due process violation occurred.

Finally, Hudson contends that, in light of Blakely v. Washington, 542 U.S. 296 (2004), his sentence violates the Sixth Amendment. His claim is foreclosed by our decision in United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005) (holding that application of career offender enhancement falls within exception for prior convictions reaffirmed in United States v. Booker, 125 S. Ct. 738 (2005), where facts were undisputed, making it unnecessary to engage in further fact finding about prior conviction). We therefore find no Sixth Amendment error.

Accordingly, we affirm Hudson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED